# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:10CV-P105-R

**UNITED STATES** *et al.*                                                                            **PLAINTIFFS**

v.

**JOHN MOTLEY** *et al.*                                                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Unrepresented by counsel, the plaintiff, Frederick C. Jackson, a convicted inmate currently incarcerated in the Eastern Kentucky Correctional Complex (EKCC), filed the instant action on a complaint form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Although Jackson signed the complaint, in the caption as the sole plaintiff, he lists the "United States," and as the defendants, he lists John Motley, EKCC Warden, and Wesley W. Duke, employed by the Kentucky Department of Corrections in the Office of Legal Services.

Although Jackson filed the action on a § 1983 form, he also writes 28 U.S.C. § 2254 on the front page of the form. As his statement of claims, he alleges that (1) he is being "unlawfully detained due to the prices of commissary items and the amount of taxes charged"; (2) he "is exposed to discrimination due to defendant policy of free labor and the price, the inmate [] is willing to pay for some type of normalcy with respect to goods and services except society's minimum wage and may include agreement on detainers"; (3) his "main concern is the seperation from his wife . . . and three children and good-time credit, which allows defendant in forma pauperis to segregate the custody score preventing the likelihood of rehabilitation to another facility or institution closer to petitioner's home"; (4) "At the present time, I am unable to determine my serve-out time due to the preservation of errors at the trial and concurrent and consecutive sentences"; and (5) "Defendant Fresh Favorites are not offered on the casual menu

and there is nothing to suggest the poor quality of the regular menu is a direct result of the Fresh Favorite meals provided every 30 days to those who cannot afford to choose between the high nutritional value and the price." As relief, Jackson seeks bail, an appeal bond, and parole.

A portion of Jackson's claims are in the nature of a § 1983 action and a portion of the claims are in the nature of a habeas action. The § 1983 claims are those regarding the price and taxing of commissary items; discrimination; and the casual/regular menu. Those habeas claims are those related to good-time credit and serve-out time. The relief in the form of bail and an appeal bond with respect to a state-court proceeding is not the type of relief this Court can provide under either § 1983 or § 2254. Finally, the request for parole is relief available only by way of a petition for writ of habeas corpus.

An action cannot be brought under both § 1983 and § 2254. Therefore, by separate Order, the instant action will be dismissed without prejudice to refiling.

**The Clerk of Court is DIRECTED to send Jackson a form for filing a complaint under § 1983 and a form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.**

As guidance to Jackson, any claims that he has regarding the conditions of his confinement at EKCC must be filed as a § 1983 action. Any claims that Jackson has pertaining to his conviction and sentence and good-time credits or seeking parole must be filed as a § 2254 action.

Date:

cc: Plaintiff Jackson, *pro se*
4413.005